**KLESTADT WINTERS JURELLER**
  **SOUTHARD & STEVENS, LLP**
200 West 41st Street, 17th Floor
New York, NY 10036-7203
Telephone: (212) 972-3000
Facsimile: (212) 972-2245
Fred Stevens
Christopher J. Reilly

*Special Litigation Counsel to Richard E.*
  *O'Connell, Chapter 7 Trustee and*
  *Proposed Intervening Plaintiff*

**Hearing Date: January 5, 2016**
**Hearing Time: 3:00 p.m. (EST)**

**Objection Deadline:  December 29, 2015**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                          :

:        Chapter 7

HERMAN SEGAL,                    :

:        Case No. 13-45519 (NHL)

                   Debtor.    :

---------------------------------------------------------------x
CARL CALLER, as Trustee of the CILYA    :      SUPREME COURT OF THE
WEINBERGER ILIT #1 and Trustee of the CILYA :      STATE OF NEW YORK,
WEINBERGER ILIT #2,             :      COUNTY OF KINGS

:      Index No. 513115/2015

                   Plaintiff,    :

:      Adv. Pro. No. 15-1192

         -against-           :

:

LINCOLN FINANCIAL GROUP, THE LINCOLN  :
NATIONAL LIFE INSURANCE COMPANY, and  :
WILLIAM J. SEGAL,               :

:

                Defendants.    :

---------------------------------------------------------------x
RICHARD E. O'CONNELL, as Chapter 7 Trustee  :
of the Estate of Herman Segal,           :

:

            Intervening Plaintiff.   :

---------------------------------------------------------------x

**TRUSTEE'S MOTION FOR AN ORDER, PURSUANT TO FED. R. BANKR.**
**P. 7024, AND FED. R. CIV. P. 24(a)(2), AUTHORIZING THE TRUSTEE TO**
**INTERVENE IN THIS ADVERSARY PROCEEDING**

**TO THE HONORABLE NANCY HERSHEY LORD,**
**UNITED STATES BANKRUPTCY JUDGE:**

Richard E. O'Connell, the Chapter 7 Trustee (the "Trustee") for the estate of Herman

Segal (the "Debtor"), by and through his special litigation counsel, Klestadt Winters Jureller

Southard & Stevens, LLP, as and for his motion (the "Motion") for an order, pursuant to Rule

24(a)(2) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable here

pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

authorizing the Trustee to intervene in the above-captioned adversary proceeding and file a

pleading in substantially the same form as that annexed hereto as Exhibit A (the "Intervenor

Pleading") answering and responding to the Verified Complaint, dated June 27, 2015[1] (the

"Complaint"), of Carl Caller, as Trustee of the Cilya Weinberger ILIT #1 and Cilya Weinberger

ILIT #2 (the "Plaintiff"), as against Lincoln Financial Group ("Lincoln Financial"), The Lincoln

National Life Insurance Company ("Lincoln Life," Lincoln Financial and Lincoln Life

collectively referred to herein as the "Lincoln Defendants"), and William J. Segal, asserting his

own counterclaims, cross-claims and third-party claims against the Plaintiff, Lincoln Defendants,

William J. Segal and John and/or Jane Doe Recipients of any transfers of the Debtor's interests

in certain trusts, life insurance policies or the benefits thereof, respectfully represents:

### PRELIMINARY STATEMENT

Plaintiff commenced this action to challenge the Lincoln Defendants' cancellation of two

life insurance policies and compel the payment of not less than $20 million in death benefits.  In

addition, the Plaintiff asserts that William J. Segal is liable for failing to fulfill his duties as an

agent and fiduciary to Plaintiff with respect to the policies.  Based upon documents and

communications obtained by the Trustee from the Lincoln Defendants, the Debtor's computers

---

[1] Based upon the timing of the filing and the date of the accompanying verification, the Trustee believes this date to
be a typo and that the actual date of the Complaint was October 27, 2015.

and third party data storage services and email service providers, the Trustee believes that: (i) the Debtor paid a significant amount of the premiums on the policies in question; and (ii) the Debtor's estate has an interest in the policies and any benefits payable thereunder, either directly or as a beneficiary under the relevant trusts, or in the return of any premiums paid on such policies as fraudulent transfers.  Further, to the extent that the Debtor's rights with respect to any of these matters have been transferred, in whole or in part, the Trustee has a right to recover such transfer as either fraudulent or unauthorized post-petition transfers.

Accordingly, the Trustee seeks entry of an order in substantially the same form as that annexed hereto as <u>Exhibit B</u> (the "<u>Proposed Order</u>"), authorizing him to intervene in the adversary proceeding on behalf of the Debtor's estate and file and prosecute the Intervenor Pleading in order to ensure that the estate's interests in the subject matter of the litigation are protected.

<b><u>JURISDICTION AND VENUE</u></b>

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

3.      Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicate for the relief requested herein is Federal Rule 24, made applicable here by Bankruptcy rule 7024.

3

**INTRODUCTION**

5.　　On September 10, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

6.　　On or around the Petition Date, Richard E. O'Connell was appointed interim chapter 7 trustee of the Debtor's estate. On October 15, 2013, the Trustee presided over the first meeting of creditors in the Debtor's case and became the permanent trustee herein by operation of section 702(d) of the Bankruptcy Code.

**BACKGROUND**

7.　　On or about June 26, 2008, the Lincoln Defendants issued two life insurance policies (collectively, the "Policies") to Cilya Weinberger ILIT #1 and Cilya Weinberger ILIT #2 (collectively, the "Trusts") insuring the life of Cilya Weinberger ("Weinberger"). Complaint, ¶9.

8.　　Each of the Policies had a face value of ten million dollars ($10,000,000). Complaint, ¶¶11 and 13.

9.　　The Debtor paid or caused to be paid a number of the premiums on the Policies from accounts that he owns and/or controls as follows:

| Date | Policy | Account | Check No. | Signatory | Amount |
|---|---|---|---|---|---|
| 08/25/2009 | ***168 | Chase ****8282 | 420001 | Herman Segal | $135,000.00 |
| 08/25/2009 | ***250 | Chase ****8282 | 420002 | Herman Segal | $135,000.00 |
| 03/28/2011 | ***168 | Signature ****3576 | 1005 | Herman Segal | $52,000.00 |
| 03/28/2011 | ***250 | Signature ****3576 | 1006 | Herman Segal | $52,200.00 |
| 08/25/2011 | ***250 | Signature ****3576 | 2035 | Herman Segal | $28,100.00 |
| 08/28/2011 | ***168 | Signature ****3576 | 2034 | Herman Segal | $28,075.00 |
| 09/28/2011 | ***168 | Signature ****3576 | 2048 | Herman Segal | $56,000.00 |
| 09/28/2011 | ***250 | Signature ****3576 | 2047 | Herman Segal | $56,000.00 |
| 01/25/2012 | ***168 | Signature ****3576 | 2103 | Herman Segal | $45,025.00 |
| 01/25/2012 | ***250 | Signature ****3576 | 2101 | Herman Segal | $45,050.00 |
| 02/22/2012 | ***168 | Signature ****3576 | 2067 | Herman Segal | $73,010.00 |
| 02/22/2012 | ***250 | Signature ****3576 | 2066 | Herman Segal | $73,000.00 |
| 04/25/2012 | ***168 | Signature ****3576 | 2077 | Herman Segal | $73,900.00 |
| 04/25/2012 | ***250 | Signature ****3576 | 2076 | Herman Segal | $74,000.00 |
| 09/27/2012 | ***168 | Signature ****3576 | 2092 | Herman Segal | $45,100.00 |
| 09/27/2012 | ***250 | Signature ****3576 | 2093 | Herman Segal | $45,200.00 |
| 11/26/2012 | ***168 | Signature ****3576 | 2097 | Herman Segal | $78,000.00 |
| 77/26/2012 | ***250 | Signature ****3576 | 2098 | Herman Segal | $78,100.00 |

| 01/24/2013 | ***168 | Signature ****3576 | 2124 | Herman Segal | $47,000.00 |
|---|---|---|---|---|---|
| 01/24/2013 | ***250 | Signature ****3576 | 2125 | Herman Segal | $47,000.00 |
| 08/30/2013 | ***168 | Signature ****3576 | WIRE | Herman Segal | $76,500.00 |
| 08/30/2013 | ***250 | Signature ****3576 | WIRE | Herman Segal | $77,000.00 |
| | | | | **Total:** | **$1,420,260.00** |

(collectively, the "Policies Transfers").

10. The Policies were purportedly terminated by the Lincoln Defendants on or around October 27, 2013.

11. The Lincoln Defendants denied the entitlement to death benefits under the Policies due to their prior termination of the Policies.

12. On or before June 19, 2014, the Plaintiff and/or the Debtor retained Actuarial Risk Management to, perhaps other things, opine on the cancellation of the Policies and advocate the Plaintiff's position that the Policies were unlawfully cancelled.

13. On June 19, 2014, the Plaintiff sent a letter to the Lincoln Defendants authorizing them to discuss the Policies with Actuarial Risk Management.

14. On June 24, 2014, Actuarial Risk Management sent a letter to the Lincoln Defendants on behalf of the Plaintiff arguing, among other things, that:

- the Lincoln Defendants committed "numerous procedural, administrative (mathematical, billing and computer) and potential compliance errors" with respect to the Policies;

- the Lincoln Defendants were in violation of the NAIC's Life Insurance Illustrations Model Regulation;

- the Policies contained improper confusing and inconsistent language;

- the Lincoln Defendants failed to provide the required grace period prior to cancelling the Policies; and

- the Policies should be immediately reinstated;

15. Upon information and belief, on or around June 29, 2014, Weinberger passed away.

5

16.     On or around July 28, 2014, the Debtor sent an email to Joel Wertzberger soliciting investments in potential claims against the Lincoln Defendants in connection with the purported termination of the Policies.  In an email to Mr. Wertzberger, the Debtor:

- asserted an ownership interest in the Policies (e.g., "I have two $10M Policies"); and

- requested a $50,000 investment in order to pursue the Lincoln Defendants, and promising only 10% risk, but 500% returns if successful.

17.     The Debtor never disclosed an interest in the Policies or Trusts to the Trustee. The Trustee only discovered them as a result of searching the Debtor's electronic files after obtaining authorization from this Court to do so.

18.     On or around October 27, 2015, the Plaintiff filed the Complaint and commenced this action in the Supreme Court of the State of New York (the "State Court") against the Lincoln Defendants and William J. Segal.  The claims against the Lincoln Defendants are primarily based upon the cancellation of the Policies and the payment of benefits.  The Plaintiff also asserts that William J. Segal, who, upon information and belief, is the Debtor's son, breached his fiduciary obligations by failing to monitor and inform Plaintiff with respect to the alleged cancellation of the Policies.

19.     On November 24, 2015, the Lincoln Defendants removed this action from the State Court to this Court because of its good faith belief that the Trustee has a vested interest in the outcome of the case.

**RELIEF REQUESTED**

20.     By this Motion, the Trustee seeks entry of the Proposed Order pursuant to Federal Rule 24, made applicable herein by Bankruptcy Rule 7024, authorizing the Trustee it intervene as of right in this Adversary Proceeding.

21.     Federal Rule 24, made applicable herein by Bankruptcy Rule 7024 provides:

(a) **Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:

>    (1) is given an unconditional right to intervene by a federal statute; or
>    (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

…

(c) **Notice and Pleading Required.**  A motion to intervene must be served on the parties as provided in Rule 5.  The motion must state the grounds for the intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

FED. R. CIV. P. 24 (2011).

22.     Based upon the contents of emails and documents obtained from the Debtor's computers and third-party email service providers, and the checks written to the Lincoln Defendants by the Debtor on account of premiums due under the Policies, the Trustee has a good faith basis to assert an ownership interest in the Policies, the benefits of such Policies, the Trusts, the Policies Transfers and the outcome of this litigation.  Accordingly, the Trustee has an absolute right to intervene in this case pursuant to Federal Rule 24(a)(2).  See In re Zwirn, 362 B.R. 536, 541-542 (Bankr. S.D.F.L. 2007) (finding that the trustee has the absolute right to intervene in litigation where the subject matter was property of the estate).

23.     If the Trustee is not permitted to intervene in this adversary proceeding, the estate's entitlement to any proceeds under the Policies or, if none, the right to recover any of the Policies Transfers as fraudulent conveyances, could be forever lost.  Alternatively, the Trustee would have to wait and see the outcome of the litigation and if the Plaintiff were successful, sue the Plaintiff and Trusts for the estate's rightful share of the benefits of the Policies.  However,

such a strategy would compel the Trustee to place the estate's interests solely in the hands of the Plaintiff, a third party that may or may not be a fiduciary to the estate. Further, only the Trustee can and probably will assert an alternative claim against the Plaintiff for breaching his fiduciary obligations to the Trusts by failing to maintain the Policies. There is simply no right way to prosecute this case without the Trustee's active involvement.

24.    The Trustee respectfully submits that this Motion is being filed timely and within two weeks of the Trustee's learning of the existence of this litigation and it being removed to this Court by the Lincoln Defendants.

25.    For all the foregoing reasons, the Trustee respectfully requests that the Court enter the Proposed Order authorizing the Trustee to intervene in this action and file the Intervenor Pleading.

## NOTICE

26.    Notice of this Motion and hearing thereon has been provided to counsel to the Plaintiff and Lincoln Defendants. The Trustee submits that such notice of the instant Motion and relief sought herein is appropriate under the circumstances and that no further or additional notice need be given.

## NO PRIOR RELIEF

27.    Except as otherwise stated herein, no previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order annexed hereto as Exhibit B, and for such other and further relief as the Court determines to be just and proper.

Dated:   New York, New York
         December 4, 2015

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:   */s/ Fred Stevens*
      Fred Stevens
      200 West 41st Street, 17th Floor
      New York, New York 10036-7203
      Tel: (212) 972-3000
      Fax: (212) 972-2245
      Email: fstevens@klestadt.com

      *Special Counsel to Richard E. O'Connell, the
      Chapter 7 Trustee of the Estate of Herman
      Segal*